Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| THEODORE SMITH and CINDY SMITH,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>TRUST FINANCIAL, LLC, a Wyoming limited liability company, and WILKERSON & BREMER LAW GROUP, LLC, a Wyoming limited liability company.<br><br>　　　Defendants. | Case No: 4:17-cv-369<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

　　Theodore Smith and Cindy Smith (the Smiths or Plaintiffs), by and through their attorney, for their Complaint against Defendants, Trust Financial, LLC, and Wilkerson & Bremer Law Group, LLC, and demand for a jury trial, state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Additionally, Plaintiffs request this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for a pendent state claim for abuse of process.

2. Venue is proper before this Court because Defendants' collection efforts were received by Plaintiffs within this District and Defendants transact business within this District. *See* 28 U.S.C. § 1391.

3. Defendants are subject to personal jurisdiction because the Defendants have regularly transacted business in the State.

## PARTIES

4. Plaintiffs Theodore and Cindy Smith are a married couple who reside in Custer County, Idaho.

5. Trust Financial, LLC is a Wyoming limited liability company with its principal place of business at 101 Hastings Horseshoe, Powell, WY 82435.

6. Trust Financial can be served through its registered agent, Dan Wilkerson, 1534 Midway Ave., Ammon, ID 83406.

7. Trust Financial regularly transacts business within the State of Idaho.

8. Trust Financial is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6). The principal purpose of Trust Financial is the collection or attempt to collect debts, directly or indirectly, owed or due or asserted to be owed or due to another. Trust Financial uses instrumentalities of interstate commerce or the mails in its business.

9. Wilkerson & Bremer Law Group, LLC (Wilkerson) is a Wyoming limited liability company with its principal place of business at 210 N. Bent St., Powell, WY 82435

10. Wilkerson & Bremer Law Group, LLC can be served through its registered agent, Dan Wilkerson, 1534 Midway Ave., Ammon, ID 83406

11. Wilkerson regularly transacts business within the State of Idaho.

12. Trust Financial retains the legal services of Wilkerson to file lawsuits on its behalf in Idaho.

13. Wilkerson's business is to pursue collection of the debts, directly or indirectly, through instrumentalities of interstate commerce or the mails.

14. Wilkerson is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (6).

15. None of the exceptions to the term "debt collector" under the FDCPA apply to Wilkerson or Trust Financial.

16. The alleged debt that Trust Financial and Wilkerson sought to collect from Plaintiffs was in default when they began their collection efforts.

## GENERAL ALLEGATIONS

17. The Smiths retained the services of a law firm, Parmenter Rivera.

18. The Smiths did not sign any contracts with Parmenter Rivera.

19. The services provided by Parmenter Rivera to the Smiths were primarily for a personal, family, or household purpose.

20. A dispute between the Smiths and Parmenter Rivera arose over a final balance of $200.

21. When a resolution could not be reached, Parmenter Rivera retained Trust Financial to collect on the $200 balance.

22. Trust Financial was unable to recover the $200 through collection efforts which included phone calls and letters being sent to the Smiths.

23. Trust Financial hired Wilkerson to file suit against the Smiths.

24. On April 17, 2017, Trust Financial and Wilkerson filed a complaint against the Smiths in Bingham County, Case No. CV-17-749.

25. Trust Financial and Wilkerson engaged a process server, Bulldog Legal Support, to serve the Smiths with the complaint.

26. Bulldog Legal Support attempted service in Blackfoot, but was unsuccessful because the Smiths do not live in Blackfoot.

27. Bulldog Legal Support was then successful in serving the Smiths at their home in Mackay, Custer County, Idaho on June 11, 2017.

28. On August 7, 2017, Trust Financial and Wilkerson filed an Application for Order Entering Default and for Default Judgment against the Smiths in Bingham County.

29. On August 11, Trust Financial was granted a default judgment against the Smiths in Bingham County.

## COUNT I: VIOLATION OF THE FDCPA

30. Plaintiffs incorporate by reference all preceding paragraphs.

31. 15 U.S.C. § 1692i(a)(2)(a) states that a debt collector may only bring a legal action against a consumer in the judicial district "(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."

32. Bingham County and Custer County are separate and distinct judicial districts.

33. The Smiths did not sign a contract in Bingham County.

34. The Smiths did not reside in Bingham County at the commencement of the action against them, specifically Bingham County Case No. CV-17-749.

## COUNT II: ABUSE OF PROCESS

35. Plaintiffs incorporate by reference all preceding paragraphs.

36. Idaho Code § 5-404 requires lawsuits to be filed in the county where a defendant resides at the commencement of the action.

37. The Smiths did not reside in Bingham County at the commencement of the action, which is the county where the case was filed.

38. Defendants took a willful act to use the legal process by filing a lawsuit against the Smiths in Bingham County.

39. Defendants took another willful act to use the legal process by obtaining a default judgment against the Smiths in Bingham County even after learning that the Smiths did not actually live in Bingham County.

40. Defendants committed those acts for the ulterior, improper purpose of depriving Plaintiffs of their right to face a lawsuit only in the county where they live, so that Defendants could obtain a default judgment rather than face opposition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial,

B. Statutory damages up to $1,000.00 per Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 6-1604,

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E. In the event of default judgment, for attorney fees in the amount of $2,000.00,

F. For such other and further relief as may be just and proper.

DATED: September 6, 2017

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC